**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**RICHARD DEBS,**

    **Plaintiff,**          **CIVIL ACTION NO. 05-CV-74209-DT**

  vs.

                              **DISTRICT JUDGE GERALD E. ROSEN**

**PATRICIA L. CARUSO,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**RECOMMENDATION:** This Court recommends that Defendants' Motion to Dismiss Under Rule 12(b)(6) and for Summary Judgment Under Rule 56(b) (docket no. 26) be GRANTED, all claims against the two unserved Defendants be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and this action be DISMISSED.

\*\*\*

Plaintiff Richard Debs, a Michigan prisoner, seeks declaratory and injunctive relief for alleged constitutional violations in his parole hearing process pursuant to 42 U.S.C. § 1983. A judge convicted Plaintiff at a bench trial of Criminal Sexual Conduct in the First Degree in 1991. (Complaint at 3). He was sentenced to a term of 15 to 30 years in prison. (*Id.*) He alleges that Defendants are using inaccurate information concerning the nature of his offense to deny him parole release. The Defendants who have been served and on whose behalf this motion is filed are Patricia L. Caruso, Director of the Michigan Department of Corrections, John Rubitchun, Chairman of the Michigan Parole Board, and parole board members Miguel Berrios, Charles Braddock, Marianne Samper, James Atterberry, James L. Quinlan, Barbra Sampson, Artina Hardman, Enid Livingston and Stephen Deboer. There is no

-1-

evidence in the record that board members Slaughter and Reed have been served a copy of the Complaint.

In count one of his Complaint, Plaintiff alleges that Defendants have violated his due process rights by considering this allegedly inaccurate information. (Complaint at 5). In his Statement of Facts Plaintiff alludes to the Double Jeopardy Clause, and therefore the Court will consider this claim as a basis for relief also. (Docket no. 1, Statement of Facts at 9-10). Plaintiff also submitted two "supplements" to his Complaint. (Docket nos. 3, 4). These do not add any new claims except that the Defendants improperly calculated his parole score sheet dated November 4, 2005 because of the inaccurate information. (Docket no. 3). Although Plaintiff has not properly sought to amend his Complaint, the Court will consider these supplements when deciding this motion.

Defendants have moved to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (Docket no. 26). Plaintiff has not responded, and his time for response has now expired. The matter is ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

Dismissal under this rule is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. *Id.* The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. *Id.* To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the federal constitution or laws and must show that the deprivation was committed by someone acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**DISCUSSION**

Plaintiff's allegation of inaccurate information stems from his presentence report prepared by the sentencing court. The report included information on all of the offenses for which Petitioner stood trial. He was not convicted on all of the offenses, however. The information relating to the offenses on which he was not convicted was stricken from his report by state court order issued on May 19, 2005. (Docket no. 1, ex. F). In his Complaint, Petitioner identifies parole hearings held on February 4, 2003 involving Defendant Chairman Rubitchun, January 14, 2004 involving Defendant Slaughter, and December 13, 2004 involving Defendant Slaughter. He alleges that the inaccurate information was relied upon to deny him parole at these times. In his first "supplement" filed on December 8, 2005, Plaintiff predicts that his parole hearing to be held on December 22, 2005 will similarly include the allegedly inaccurate information.

Defendants argue that they could not have violated Plaintiff's double jeopardy rights during his parole hearings because that clause does not apply to such hearings. (Docket no. 26 at 3-4). This Court agrees. The Double Jeopardy Clause applies in proceedings which are criminal in nature. *See Breed v. Jones*, 421 U.S. 519, 528 (1975). The Double Jeopardy Clause does not apply in parole proceedings. *Sand v. Bogan*, 21 F.3d 428 (6th Cir. Mar. 31, 1994) (unpublished) (finding that Clause did not apply in Parole Commission proceeding); *Mayrides v. Chaudhry*, 43 Fed. App'x 743 (6th Cir. 2002) (finding that decision of Ohio Parole Board based on nature of defendant's conviction did not violate Double Jeopardy Clause). Plaintiff has therefore failed to state a claim upon which relief could be granted with regard to his double jeopardy claim. This claim should be dismissed.

Defendants next argue that they could not have violated Plaintiff's due process rights because he had no such rights in his parole hearings. Again, the Court agrees. The Supreme Court has held that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before

the expiration of a valid sentence." *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979). Although by using mandatory language in its laws a state may create a federal constitutional interest in parole, under Michigan law there is no absolute right to release on parole because the decision is discretionary with the parole board. *See Mich. Comp. Laws* § 791.234(11) (with one exception not applicable here, prisoner's release on parole discretionary with parole board); *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) ("So long as the parole discretion is broad, as in Michigan, 'the State has not created a constitutionally protected liberty interest' by enacting procedural rules.") (quoting *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)). Because Plaintiff has no liberty or any other protected federal interest in parole, his allegation that Defendants relied on inaccurate information in denying him parole release fails to state a claim upon which relief may be granted.[1] *Sarmiento v. Michigan Parole Bd.*, 2006 WL 2943303 (W.D. Mich. Oct. 13, 2006) (unpublished) (allegation that board members relied on false information to deny parole failed to state claim for relief); *Bringard v. DeBoer*, 2006 WL 958268 (W.D. Mich. Apr. 11, 2006) (unpublished) (claim that parole board members relied on inaccurate information at parole hearing failed to state due process claim). This claim should therefore be dismissed.

Plaintiff has made a "request" for counsel to be appointed to represent him. (Docket no. 23). This "request" was not filed as a motion, therefore the docket sheet does not reflect it as such. However, the Court has considered the request along with the appropriate factors and will decline to appoint counsel at this time. *See* 28 U.S.C. § 1915(e)(1) (court "may" request attorney to represent any person unable to afford counsel); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993).

---

[1] Although no relief could be granted even if inaccurate information were considered, the Court notes that much of the alleged inaccurate information is supported by the nature of the offense for which Plaintiff was convicted. The corrected presentence report shows that for that offense Plaintiff could be found to have used some force during the offense (by co-defendant, with whom Plaintiff was acting in concert, grabbing 12-year old victim and holding him down onto Plaintiff), and that it was a sexual offense (fellatio). The only questionable aggravating factor Plaintiff complains about in his first supplement (docket no. 3), is that the victim was transported or held captive beyond that necessary to commit the crime, for which he received one aggravating point. (Docket no. 3, attached scoresheet).

Finally, Plaintiff has also failed to state a claim for relief against the unserved Defendants Slaughter and Reed for the reasons set forth above. The claims against them should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997) (court must dismiss claim under section even if full filing fee is paid).

**NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 24, 2006            s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

     I hereby certify that a copy of this Report and Recommendation was served upon Richard Debs and Counsel of Record on this date.

Dated: October 24, 2006            s/ Lisa C. Bartlett
                                              Courtroom Deputy